## MARY E. HOLMES *v.* WILLIAM G. HOLMES, Her Husband.

Where in an action by a wife for a separation of property, the petition alleges that the husband had received and applied to his own use a sum of money, of which a dona-

tion had been made to her, and that she has a legal, tacit mortgage on his property, for its reimbursement, but the prayer only asks for a judgment for the amount with interest, no judgment can be given as to her right of mortgage.

APPEAL from the District ‚Court of Carroll, *Willson*, J. The petition in this case alleged that the plaintiff intermarried with the defendant, about 1 August, 1837 ; that during the marriage she received $5000 as a donation from her father ; that her husband, the defendant, appropriated the amount to his own use ; that she has a legal and tacit mortgage on all his property, for the restitution of all her paraphernal and dotal rights ; that the defendant is much embarrassed, and the petitioner exposed to the danger of losing her paraphernal and dotal property. The prayer of the petition is for a judgment against the defendant for $500, with legal interest from 1 January, 1840, till paid ; for a separation of property ; and for general relief.

The judgment, confirming one taken by default, recites, " that the defendant acknowledged himself indebted to the plaintiff as set forth in the petition, and that the plaintiff established her demand to the satisfaction of the court."

*J. L. Willson*, for the appellant.

*Selby*, for the defendant.

SIMON, J. The plaintiff, who took the present appeal, complains that she is aggrieved by the judgment rendered in her favor against her husband, in that said judgment does not allow her a mortgage and privilege on the property of her husband, from the date of his receiving the amount sued for.

The appellee does not pray that the judgment appealed from may be amended in any respect, but submits the judgment to our consideration, expressing his readiness to submit to such judgment as the law and evidence in this case require.

The claim of the plaintiff is merely paraphernal. It consists, under the allegations of the petition, in a sum of five thousand dollars, which, she says, was a donation made to her by her father, and which her husband appropriated to his own use. The record contains no evidence of the claim, except that the judgment appealed from states, that the defendant acknowledged himself indebted to the plaintiff in the amount alleged in the petition ; and the petition does not contain any prayer that the

legal and tacit mortgage therein referred to, among the allega-
tions, may be allowed to her from any date, or that she be per-
mitted to enforce said mortgage on her husband's property.

It appears to us that the judgment complained of is strictly
according to the prayer of the plaintiff's petition, and in accord-
ance with the object of the action.  If the appellant is entitled
to a mortgage on her husband's property to secure the amount
sued for, it arises from the law itself, and there is perhaps no
necessity for mentioning it in the judgment, as a mere omission
to recognize it, could not deprive the plaintiff of its effect, if
she is really entitled to enforce it.   Be this as it may, it will be
time enough to enquire into the plaintiff's alleged right of legal
mortgage, if ever it comes in conflict with the rights of her hus-
band's creditors ; but in this case, we cannot give her what she
has not demanded.    .

<em>Judgment affirmed.</em>